```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**THOMAS ODELL KELLY,**

              Petitioner,

        v.                        CASE NO.  07-3092-SAC

**L.E. BRUCE,**
**et al.,**

              Respondents.

## O R D E R

This action was filed as a petition for writ of habeas corpus citing 28 U.S.C. 2254, by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Mr. Kelly has also filed Motions for Leave to Proceed in forma pauperis (Docs. 2,3), and to Appoint Counsel (Doc. 3). Having considered the materials filed the court finds as follows.

Mr. Kelly mainly challenges his placement and lengthy, continued detention in administrative segregation. He also claims denial of access to personal property including legal materials and books; that he is being punished "for his intellectual pursuit into the study of the philosophy of pleasure"; and that his First Amendment right to freedom of religion is being infringed by pressure to follow Christian value system. His requests for relief are: release from administrative segregation, transfer to another prison, expungement of false records, and that the Kansas Secretary of Corrections set and monitor standards for segregation classification.

The court finds that Mr. Kelly's complaints about his placement and retention in administrative segregation are challenges to the conditions of his confinement and are not properly raised in a federal habeas corpus petition. A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 489, 494 (1973). There is no indication that a grant of relief in Kelly's favor would have any effect on the duration of his confinement. See <u>Rhodes v. Hannigan</u>, 12 F.3d 989, 991 (10th Cir. 1993).

The only allegations made by Mr. Kelly which might be grounds for habeas corpus relief are presented in one short paragraph beginning on page 31 of his 32-page pleading. Therein, Mr. Kelly contends that "defendants used" his 1990 state conviction of aggravated criminal sodomy in their placement decision, and that the information in that case was "fatally defective." On this basis, this court is asked to vacate his criminal conviction in Case No. 90-CR-671. This habeas claim is not supported by sufficient factual allegations. Moreover, full exhaustion of state court remedies, the prerequisite to a Section 2254 Petition, is not shown on this particular claim.[1]

For the foregoing reasons, the court construes this action as

---

[1] If Mr. Kelly wishes to pursue a federal habeas corpus petition challenging his 1990 conviction on the ground that the information was defective, he must submit his claim on forms for filing a Section 2254 petition available upon request from the clerk of the court. In his form petition, he must also answer all questions to show exhaustion of state court remedies and that such action is filed within the statute of limitations.

a civil rights complaint under 42 U.S.C. §1983. Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. Mr. Kelly has previously been designated a three-strikes litigant under Section 1915(g). Federal court records reflect that he has filed at least three civil cases in this court which qualify as "strikes" under § 1915(g)[2]. He is therefore required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999). Having reviewed the documents submitted by Mr. Kelly in this action, the court finds nothing to suggest that he is in "imminent danger of serious physical injury." Accordingly, he may proceed in this action only if he pays the district court filing fee of $350.00.

**IT IS THEREFORE BY THE COURT ORDERED** that Kelly's motions for leave to proceed in forma pauperis (Doc. 2 & 3) are denied.

**IT IS FURTHER ORDERED** that Mr. Kelly is granted thirty (30)

---

[2] See Kelly v. Chai, Case No. 88-3091 (D.Kan. Jan. 2, 1991)(complaint states no claim for relief); Kelly v. Meck, Case No. 90-3129-DES (D.Kan. May 3, 1990)(frivolous complaint); Kelly v. Finney, Case No. 92-3098 (D.Kan. Apr. 14, 1992)(frivolous complaint); Kelly v. Finney, Case No. 92-3199 (D.Kan. June 2, 1992)(frivolous complaint).

days in which to submit the $350.00 filing fee; and failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that Mr. Kelly's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4