```
        IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**THOMAS ODELL KELLY,**

                Petitioner,

       v.                      CASE NO.  07-3092-SAC

**L.E. BRUCE,**
**et al.,**

                Respondents.

### O R D E R

This action was filed as a petition for writ of habeas corpus citing 28 U.S.C. 2254.  By Order dated May 15, 2007, the court construed this action as a civil rights complaint, 42 U.S.C. 1983, and held that Mr. Kelly, a three-strikes litigant, may proceed in this action only if he pays the district court filing fee of $350.00.  The matter is before the court upon plaintiff's Motion to Vacate Order or Judgment and/or Modify" the court's Order dated May 15, 2007.  Having considered the motion, the court finds no factual or legal basis is alleged therein, which requires that the court vacate or modify its prior Order.

As the court stated in its prior Order, the great bulk of Mr. Kelly's lengthy pleadings challenge his conditions of confinement, while only one or two allegations sound in habeas corpus.  It is obvious that the main thrust of the action is to challenge the conditions of his confinement. Moreover, Mr. Kelly does not allege sufficient facts showing his 1990 conviction should be overturned.  Nor does he allege facts showing full exhaustion of

state court remedies on a challenge to the information in that case[1]. Mr. Kelly may not attack his 1990 conviction by challenging it as the basis for the administrative decision to place and detain him in segregation.  In the first place, he presents no facts indicating it has ever been the basis for his segregation[2]. Secondly, unless and until his 1990 conviction has been overturned through proper procedures, it is presumed to be valid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)(To obtain relief in a Section 1983 action which would undermine a conviction, "plaintiff must prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . , or called into question by a federal court's issuance of a writ of habeas corpus.").

Mr. Kelly was informed that to challenge his 1990 state conviction, he is required to file a Section 2254 Petition on forms provided by the court in which he responds in full to questions regarding exhaustion.  He would also be required to respond to questions regarding the two-year statute of limitations.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion to Vacate Order or Judgment and/or Modify Order" (Doc. 6) is denied.

**IT IS SO ORDERED**.

---

[1] Petitioner must have presented the very claims raised in a federal 2254 petition to the Kansas Supreme Court.  Thus, his allegation that he presented claims to the Kansas Court of Appeals does not satisfy the exhaustion prerequisite.

[2] This is not a case where the 1983 claims and the 2254 claim are so intertwined that it only makes sense to litigate them together.

Dated this 25th day of May, 2007, at Topeka, Kansas.

                                    <u>s/Sam A. Crow</u>
                                    U. S. Senior District Judge